**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **ISAIAH WHITE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION 05-0731-WS-M** |
| ) | |
| **MICROSOFT CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on defendant Microsoft Corporation's Motion
Pursuant to FRCP 12(b)(3) and the First-Filed Rule (doc. 10). The Motion has been briefed, and
is ripe for disposition at this time.[1]

**I.      Background.**

On December 20, 2005, plaintiff Isaiah White, purporting to act on behalf of himself and
all others similarly situated, filed a Class Action Complaint (doc. 1) against defendant Microsoft
Corporation in this District Court, alleging common-law causes of action for unjust enrichment
and breach of express and implied warranties. White's claims arise from his purchase of an
Xbox 360 Game Console ("Xbox 360") that he contends was defectively designed and/or
manufactured by Microsoft.[2] In a nutshell, the Complaint alleges that the Xbox 360 is
defectively designed and/or manufactured because it includes "a power supply and central
processing unit ... that runs hot and overheats, which in turn renders the Xbox 360 Game

---

[1]      All three briefs submitted by the parties include cover pages, tables of contents
and tables of authorities. Although there is nothing improper about that format, the parties are
advised that inclusion of such elements is not a part of routine motion practice in this District
Court. As a general rule, these items need not accompany filings directed to the undersigned
unless the Court specifically requests otherwise.

[2]      Defendant maintains that it released the Xbox 360 for sale on November 22,
2005; thus, the instant putative class action lawsuit was filed less than a month after the product
in question first reached the marketplace.

Consoles (which contain several heat-sensitive computer chips) unstable and causes them to 'crash' or 'lock up' when being operated."  (Complaint, ¶ 2.)  The Complaint further alleges that the product is defective because it has a tendency to "damage and/or destroy the game discs or game CDs by scratching them and rendering them unusable."  (*Id.*, ¶ 3.)  White, a resident of Citronelle, Alabama, alleges that he purchased an Xbox 360 console in December 2005, without knowledge of the aforementioned defects, and that he would not have done so had he been aware of them.  (*Id.*, ¶ 6.)  On the basis of these allegations, White seeks certification of a nationwide class of all persons who have purchased a defectively designed and/or manufactured Xbox 360, where the defects render the console inoperable or incapable of being used in the intended manner, with distinct subclasses for those consumers who have faced the overheating problem and those who have encountered the game damage problem.  (*Id.*, ¶¶ 10-11.)

Despite having been filed just four weeks after the allegedly offending product was first made available for purchase, this action was not the earliest Xbox 360 class action to be filed. On December 2, 2005, a scant 10 days after introduction of the product, a putative nationwide class action styled *Robert E. Byers, Jr. v. Microsoft Corporation*, Case No. 05C 6834, was filed in the United States District Court for the Northern District of Illinois.  The *Byers* litigation is substantially similar to the instant action.  Specifically, the *Byers* plaintiff asserts claims for unjust enrichment and unfair and deceptive trade practices, reasoning that Microsoft defectively designed the Xbox 360 "by designing and incorporating a power supply and central processing unit ... that run too hot and overheat, which in turn causes the Xbox 360 Game Consoles (which contain several heat-sensitive computer chips) to 'freeze' or 'lock up' when being operated." (Casper Decl., at Exh. 1, ¶ 2.)[3]  Yet another similar action, styled *Thomas Velez, Jr. v. Microsoft Corporation*, Cause No. 05-2-40100-1SEA, was filed in the State of Washington, King County Superior Court, on December 12, 2005, seeking class-based relief for the Xbox 360's alleged overheating problem and asserting a Washington state-law claim for unfair and deceptive trade

---

[3]     The *Byers* Complaint does not include allegations about the Xbox 360's alleged tendency to damage or destroy game discs, nor does it posit claims of breach of warranty.

-2-

practices.  (*See* doc. 8, at Exh. B.)[4]  Both the *Byers* and *Velez* Complaints seek certification of a slightly broader class than the case at bar, encompassing all persons and entities who purchased an Xbox 360 from January 1, 2005 through the date of any recall or other correction of the alleged design defect.

Plaintiff concedes that these three class actions are similar.  In his Objection to the Motion to Dismiss, White candidly admits that "his allegations of liability and the relief he seeks (on behalf of himself and the class) are nearly identical to the claims made in *Byers*."  (Doc. 14, at 1.)  Further, White has filed, without comment, a copy of a pleading by the *Byers* plaintiff petitioning the Judicial Panel on Multidistrict Litigation ("MDL Panel") to transfer and consolidate these actions in the Northern District of Illinois.  That filing states that "[t]he *Byers*, *Velez*, and *White* complaints contain essentially the same factual allegations, covering essentially the same time period, against the same defendant, and alleging violations of analogous consumer protection statutes and common law theories of liability."  (Doc. 8, at 2.)[5]  That filing further acknowledges that all three actions invoke "overlapping classes."  (*Id.* at 3.)

## II.    Analysis.

Microsoft has filed a Motion to Dismiss for improper venue, pursuant to Rule 12(b)(3), Fed.R.Civ.P.   The sole articulated ground for Microsoft's Motion is the so-called "first-filed rule."  Although Microsoft has devoted more than 20 pages to briefing its Motion, the singular proposition on which it rests is quite straightforward.  *Byers* predates *White*.  Therefore, Microsoft argues, the first-filed rule obliges this Court to dismiss this substantially similar action to avoid the inefficiencies and risk of inconsistencies that might emerge if two different federal courts entertained virtually identical class actions concerning the Xbox 360.  White counters that

---

[4]    Microsoft indicates that the *Velez* Complaint "was filed in the Western District of Washington on December 12, 2005."  (Defendant's Brief (doc. 11), at 2 n.3.)  It appears, however, that *Velez* was initially filed in Washington state court in December 2005, then removed to federal court by Microsoft on January 16, 2006.  (*See* doc. 8, at 2.)

[5]    In his brief accompanying the request for transfer or consolidation, Byers makes the point even more emphatically, asserting that "*Byers*, *White* and *Velez* are fundamentally identical lawsuits, involving the same factual allegations and the same type of legal theories." (Memorandum of Law in Support of Motion for Transfer and Consolidation (doc. 8), at 1.)

the first-filed rule does not apply and, alternatively, requests that this action be stayed pending decisions by the MDL Panel and the Northern District of Illinois in related proceedings.

      **A.**      ***The First-Filed Rule.***

      "There is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district."  *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  This doctrine, which is known as the "first-filed rule," provides that where two actions involving overlapping issues and parties are pending in two federal courts, a strong presumption favors the forum of the first-filed suit.  *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir. 1982); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); *Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.*, 341 F. Supp.2d 639, 643 (N.D. Tex. 2004) ("Where duplication is demonstrated, the general rule is that the later-filed action defer to the prior-filed one.").[6]

      Microsoft suggests that application of the first-filed rule in this case is mandatory, asserting that there is a "controlling precedent and analytical framework that compels dismissal of this later-filed lawsuit."  (Reply Brief, at 3.)  But courts in this circuit have cautioned against rote, mechanical application of the first-filed rule, and instead weigh the first-filed issue in the broader context of the ends of justice.  *See, e.g., Lockheed Martin Corp. v. L-3 Communications Corp.*, 405 F. Supp.2d 1381, 1383 (N.D. Ga. 2005) (recognizing that "first-filed rule should not

---

      [6]      The purpose of this rule is to prevent interference between coordinate federal courts, to avert duplicative litigation, and to minimize the risk of inconsistent results.  As one appellate court explained, "The federal courts long have recognized that the principle of comity requires federal district courts – courts of coordinate jurisdiction and equal rank – to exercise care to avoid interference with each other's affairs. ... As between federal district courts, ... the general principle is to avoid duplicative litigation. ...  The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast Dist. of ILA, AFL-CIO*,  751 F.2d 721, 728-29 (5th Cir. 1985) (citations omitted).

be mechanically applied"); *Barnett v. Alabama*, 171 F. Supp.2d 1292, 1296 (S.D. Ala. 2001) ("we are mindful that the rule is not meant to be rigid, mechanical or inflexible, but is to be applied in a manner that best serves the interests of justice").[7]  Indeed, "[t]he most basic aspect of the first-to-file rule is that it is discretionary; an ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts." *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *see also Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.*, 2001 WL 897452, *3 (6th Cir. July 31, 2001) ("District courts have the discretion to dispense with the first-to-file rule where equity so demands.").

In exercising its discretion, a court may properly give priority to a later-filed action, notwithstanding the first-filed rule, where the balance of convenience tips in favor of the second forum or special circumstances are otherwise present.[8]  *See Lockheed*, 405 F. Supp.2d at 1383;

---

[7]     Courts in other jurisdictions have made these points even more forcefully. *See Electronics for Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005) ("We apply the general rule favoring the forum of the first-filed case, unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, requires otherwise."); *AmSouth Bank v. Dale*, 386 F.3d 763, 791 (6th Cir. 2004) ("the first-filed rule is not a strict rule"); *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 350 (D.C. Cir. 2003) (in determining which federal court should adjudicate parallel actions filed in different fora, "we have emphasized that the district court must balance equitable considerations rather than using a a mechanical 'rule of thumb'"); *Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002) ("But 'first filed' is not a 'rule.'  It is a factor that typically determines, 'in the absence of compelling circumstances,' which of two concurrent federal court actions should proceed to judgment."); *Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000) ("There is no 'first filed doctrine' requiring dismissal of all suits after the first ...."); *FMC Corp. v. AMVAC Chemical Corp.*, 379 F. Supp.2d 733, 738 (E.D. Pa. 2005) (explaining that "first-to-file rule is not a mandate directing wooden application of the rule").

[8]     "The balance of convenience under the 'first filed' rule involves consideration of the same factors that apply to the determination of whether transfer is appropriate under § 1404(a)."  *Barnett*, 171 F. Supp.2d at 1296.  In its Reply Brief, Microsoft rebukes White for "displacing" the *Manuel* "compelling circumstances" test by reference to the § 1404(a) factors.  (Reply Brief, at 3.)  In doing so, however, Microsoft overlooks its own argument that "compelling circumstances" include those in which the "balance of convenience tips in favor of the second forum."  (Microsoft Brief (doc. 11), at 13.)  As the *Barnett* court correctly recognized, the "balance of convenience" is quintessentially a question for resolution under a § 1404(a) analysis.  *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the

*Barnett*, 171 F. Supp.2d at 1296 ("Although the forum where an action is first filed typically is given priority over subsequent actions, it is appropriate to depart from this general maxim when there is a showing of balance of convenience in favor of the second forum or there are special circumstances which justify giving priority to the second action."); *Electronics for Imaging, Inc. v. Coyle*, 394 F.2d 1341, 1347 (Fed. Cir. 2005) (observing that exceptions to first-filed rule "are not rare," so long as there is "sound reason that would make it unjust or inefficient to continue the first-filed action"). The Eleventh Circuit has placed the burden squarely on the party objecting to the first-filed forum to establish circumstances warranting deviation from the general presumption in favor of that venue. *See Manuel*, 430 F.3d at 1135.

> **B.     Application of the First-Filed Rule.**

As a threshold matter, Microsoft has not filed in its Motion in the proper forum. Case authorities are legion for the proposition that the first-filed court, and not the second-filed court, should make the determination of whether to apply the first-filed rule. *See, e.g., Valpak Direct Marketing Systems, Inc. v. Valpak of Cincinnati, Inc.*, 2005 WL 2416061, *2-3 (M.D. Fla. Sept. 30, 2005) (concluding that Southern District of Ohio, where first-filed action was submitted, is proper court to determine whether first-filed rule should apply and whether § 1404(a) transfer is appropriate); *Kate Aspen, Inc. v. Fashioncraft-Excello, Inc.*, 370 F. Supp.2d 1333, 1338 (N.D. Ga. 2005) ("the 'first-filed' rule generally requires the first court to decide whether the first-filed rule should apply"); *Supreme Int'l Corp. v. Anheuser-Busch, Inc.*, 972 F. Supp. 604, 607-08 (S.D. Fla. 1997) (explaining that Missouri court, as the first-filed court, "is the more appropriate forum in which to determine whether the first-filed case should proceed"); *Alltrade*, 946 F.2d at 628 (finding no abuse of discretion in first-filed court's application of first-filed rule, where issue should normally be addressed to court in first-filed action); *Paxonet Communications, Inc. v. TranSwitch Corp.*, 303 F. Supp.2d 1027, 1029 (N.D. Cal. 2003) (where first-filed action was in Massachusetts, court would ordinarily defer to Massachusetts district court's decision as to whether it will proceed with the case, absent any reason identified by parties for not following

---

interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). Far from displacing the *Manuel* test, then, the § 1404(a) "balance of convenience" determination is one means through which the requisite compelling circumstances required by *Manuel* might be established.

that ordinary procedure).

Confronted with this formidable line of precedent, Microsoft does not contend that special circumstances here render it inappropriate to submit the "first-filed rule" question to the Northern District of Illinois.  It does not contend that it is incapable of presenting this issue to the Illinois court, or that the Illinois court is incapable of deciding it.  It does not identify any authorities that would authorize this Court, under the circumstances presented here, to impose its judgment as to the first-filed rule onto a coordinate, first-filed district court in another jurisdiction.[9]  Instead, Microsoft struggles to distinguish the aforementioned authorities by arguing that they are "all mirror-image cases involving a race to the courthouse," whereas this case is "completely different."  (Reply Brief, at 9-10.)  But Microsoft tenders no explanation why this distinction should matter for purposes of determining which parallel court should decide whether the first-filed rule applies.  The interest of the first-filed court in determining whether the first-file rule applies appears equally robust in both the "mirror-image" context and the "parallel- damages-action" context.  Nor does the Court find persuasive the isolated instances identified by Microsoft in which second-filed courts have dismissed lawsuits under the first-filed doctrine, without awaiting ruling by the first-filed court.  (*See* Reply Brief, at 9-10.)  Notably, none of those decisions make any pretense of addressing the general rule of deference to the first-filed court on whether the first-filed doctrine applies; therefore, none of those authorities counter the substantial logical and equitable grounds for reserving that determination for the first-filed court.

The well-marked and well-beaten path in these circumstances is to stay, not dismiss, this second-filed action while Microsoft (if it chooses to do so) litigates the applicability of the first-filed doctrine in the *Byers* litigation in the Northern District of Illinois.  *See*, *e.g.*, *Kate Aspen*,

---

[9]    As stated *supra*, the first-filed rule generally confers priority to the first-filed court to decide a case that has been filed in two districts.  Logically bound up in that priority to decide a case is the priority to decide whether the first-filed rule applies to that case.  It would be ironic, to say the least, for this Court to usurp the first-filed court's authority by preemptively ruling on the application of the first-filed rule to these proceedings, all under the guise of honoring principles of comity obliging it to defer to the first-filed court.  This Court declines to turn the first-filed rule on its head by dictating to the first-filed forum whether or not it must apply the first-filed rule to this dispute.

370 F. Supp.2d at 1339 (staying second-filed litigation pending decision of district court in forum where first-filed action was submitted as to whether first-filed rule should apply to both related cases); *Supreme Int'l*, 972 F. Supp. at 607-08 (similar); *Valpak*, 2005 WL 2416061, at *3 (similar); *Paxonet*, 303 F. Supp.2d at 1029 (similar).  That is precisely what this Court will do.

Alternatively, the Court would reach the same result even if it did consider whether to apply the first-filed rule to this case, and even if it were to find that the first-filed rule governs.[10] Microsoft's briefing implies that, where it applies, the first-filed doctrine necessarily compels dismissal of the second-filed action.  The law is otherwise.  District courts are not obliged to dismiss second-filed actions, but instead may select from an array of options once the first-filed rule is found to apply.  *See, e.g., Keating Fibre Intern., Inc. v. Weyerhaeuser Co.*, --- F. Supp.2d ----, 2006 WL 494938, *4 (E.D. Pa. Feb. 28, 2006) ("In applying the 'first-to-file' rule, courts have the option to dismiss, stay, or transfer the later filed action."); *Paxonet*, 303 F. Supp.2d at 1029 (N.D. Cal. 2003) ("A court in which the second suit was filed may transfer, stay or dismiss that proceeding in order to allow the court in which the first action was filed to decide whether to try the case.").  Moreover, several courts have opined that a stay of the second-filed action is a preferred remedy, especially where there is a reasonable possibility of prejudice or dismissal of the first-filed action.  *See, e.g., Central States, Southeast and Southwest Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 444 (7th Cir. 2000) ("When comity among tribunals justifies giving priority to a particular suit, the other action (or actions) should be stayed, rather than dismissed, unless it is absolutely clear that dismissal cannot adversely affect any litigant's interest."); *Alltrade*, 946 F.2d at 629 (determining that lower court erred in dismissing the second-filed suit, instead of staying it, where there was a likelihood of dismissal in the first-filed action, reasoning that if the first-filed action were not dismissed, then the stay could be lifted and second-filed action could be dismissed or transferred).

The Court understands that Microsoft has filed a motion to dismiss for failure to state a

---

[10]     For the sake of clarity, the undersigned stresses that nothing herein should be construed as expressing any opinion as to whether the balance of convenience or other special circumstances might tip the scales in favor of this forum, as opposed to the first-filed forum of the Northern District of Illinois.  Those determinations are reserved exclusively for the *Byers* court, should Microsoft choose to pursue its first-filed arguments in that forum.

claim upon which relief can be granted in the *Byers* action, and that Byers has been given until March 31, 2006 to file an amended complaint.  (Wyland Decl., ¶ 5.)  The Court has no information that any such amended complaint has been filed in the *Byers* action, much less whether that amended pleading has a substantial overlap with the complaint here.  Likewise, it is unclear whether Microsoft's Rule 12(b)(6) motion in *Byers* might turn on some idiosyncrasy of Illinois law that might not apply to the common-law claims asserted by White herein.  On the sketchy, incomplete information before it, the Court cannot declare with certainty that White will not be unfairly prejudiced if this action is dismissed, rather than being stayed or transferred.  Moreover, the possibility that the Judicial Panel on Multidistrict Litigation might grant Byers' request to consolidate the *Byers*, *Velez* and *Wyland* actions for pretrial proceedings provides another avenue for purging redundancy from these actions, at least during the pretrial phase.

Simply put, the undersigned cannot find on the record before it that, even if the first-filed rule were held to apply here, dismissal of this action serves the objectives of judicial economy, efficiency, comity and avoidance of duplication to a materially greater extent than a stay of these proceedings would.  There are too many unknown variables, and too many eventualities that might either unfairly prejudice White or mitigate the concerns animating Microsoft's Motion, to justify the knee-jerk, draconian step of dismissing White's Complaint now under the first-filed rule.  Thus, even assuming it were proper for this Court to consider it at all, Microsoft's Motion requires a bird's-eye view of these interrelated actions, including specifically the Illinois proceedings and the possibility of MDL proceedings, that this Court does not have at the present time.

Under the circumstances presented here, the undersigned is of the opinion that a stay will fulfill all legitimate objectives of Microsoft's Motion, while simultaneously making suitable allowance for Microsoft to petition the Illinois court under the first-filed rule and allowing for further evaluation of these proceedings once their posture has crystallized.  Accordingly, this action will be stayed pending a ruling on any first-filed motion that Microsoft might file in the *Byers* action.[11]

---

[11]     Microsoft's Motion to Dismiss does not request that this action be stayed. Nonetheless, "the power to stay proceedings is incidental to the power inherent in every court to

**III.    Conclusion.**

For all of the foregoing reasons, it is hereby **ordered** as follows:

1.    Microsoft's Motion Pursuant to FRCP 12(b)(3) and the First-Filed Rule (doc. 10) is **denied**.

2.    This action is hereby **stayed** until either: (a) the Northern District of Illinois grants the pending motion to dismiss in the *Byers* action; or (b) the Northern District of Illinois rules on a forthcoming motion by Microsoft to apply the first-filed rule to the *Byers* and *White* actions.  If the *Byers* motion to dismiss is denied, and if Microsoft fails to petition the Northern District of Illinois to apply the first-filed rule within 30 days thereafter, then the stay may be lifted *sua sponte*.

3.    To keep the Court apprised of any pertinent developments in the *Byers* action, the parties are **ordered** to file joint monthly status reports, on or before the first Monday of each month, beginning **May 1, 2006**, until the Court directs otherwise. At a minimum, these status reports should reflect the progress of any germane motions in *Byers*, as well as the status of Byers' MDL request.

DONE and ORDERED this 3rd day of April, 2006.


s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); *Wolf Designs*, 341 F. Supp.2d at 642 ("stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources") (citations omitted).   In any event, White's opposition to the Motion to Dismiss effectively requests that the action be stayed, such that the Court is not acting *sua sponte* in doing so.